## Brown v. Carpenter.

(Decided March 9, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Principal and Agent.—Where real estate is placed in the hands of an agent for sale, it is his duty to deal fairly and honestly with his principal, and to get for the property that has been placed in his hands the best price obtainable.

2. Liability of Agent for Misrepresentation or Fraud.—If a real es-
tate agent by misrepresentation or fraud procures his principal to
sell the property in his hands for a less sum than he has been of-
fered for it, he will be liable to his principal for the loss sustained
by his conduct.

HARRISON & HARRISON for appellant.

No brief for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee owned a one-third undivided interest
in a house and lot in Louisville, worth between $1,200
and $1,300. Her brother and her sister owned the re-
maining interests. She employed appellant Brown, a
real estate agent, to sell or dispose of her interest, which
Brown did for $200. Thereafter she brought suit
against Brown, setting up in substance that he falsely
and fraudulently represented to her that $200 was all
her interest was worth and all he could get for it, and
the largest and only offer that he had received, when
in truth he had been offered as much as $400 but had con-
cealed this offer from her. That relying upon his state-
ments she accepted the $200, and conveyed her interest
for this sum to a Mrs. Davis, whom she did not know.

Brown answered, denying all the material averments
of the petition, except that he admitted informing appel-
lee that $200 was the only offer he had for her interest.

Upon a trial before a jury, a verdict was returned in
favor of appellee for $200.

Appellant did not testify, nor was any witness intro-
duced in his behalf. The testimony for appellee showed
that at the time of the sale of her interest, the relations
between herself and her sister, with whom she had pre-
viously lived in the house owned by them, were not
friendly, and for this reason she removed her residence
and desired to sell. That she put the sale of her interest
in the hands of appellant, who told her that $200 was the
best offer he could get, and the only one he had received,
and was all the property was worth, and advised her to
accept the offer, which she did. Other witnesses were in-
troduced, who testified that her interest was worth $400.
Her sister testified that she had offered Brown as much
as $300 for the interest, and her sister's husband said that
he had offered Brown $400 in cash for the interest, but
that Brown told him that appellant wanted $450. An-
other witness testified that appellant told appellee that

her sister and brother refused to join with her in selling the property as a whole, or to buy her one-third interest in it, and that it would be useless for her to see her sister or other members of her family about buying the property.

Upon this evidence the court instructed the jury to award the appellee such a sum as they believed from the evidence would fairly and reasonably compensate her for the loss, if any, sustained, not exceeding $200, by reason of the representations of the appellant. The instruction was in fact a peremptory instruction to find for the appellee in some amount not exceeding $200.

Counsel for appellant insists that the jury should have been instructed to return a verdict in favor of his client upon the ground that there was no evidence that the persons who offered more for the property than $200 were financially able to buy it or pay for it, or that the offers they made were in good faith or in writing. In view of the fact that Monogue, the brother-in-law of appellee, testified that he offered Brown $400 in cash for the interest, and other witnesses testified that it was worth that amount, it does not seem important what property the persons who made the offers owned. Nor is there any contradiction of the fact that the offer of $400 in cash was made in good faith. It was the duty of Brown as the agent of appellee to deal fairly and honestly with her, and to get for the property that she had placed in his hands for sale the best obtainable price. But the evidence shows that in place of doing this he sold the property for $200 less than he had been offered for it. His failure to testify and the fact that appellee was unable to ascertain the whereabouts of the purchaser, do not help the case for the appellant. We think the court correctly instructed the jury and that the assessments of damages was fully warranted by the evidence.

Wherefore, the judgment of the lower court is affirmed.